IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID ALAN SHEPHERD §
§
Plaintiff, §
§
VS. § NO. 3-08-CV-2282-L
§
LAWRENCE B. MITCHELL §
§
Defendant. §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by David Alan Shepherd, a Texas prisoner, against his former attorney, Lawrence B. Mitchell. On December 29, 2008, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

In April 2001, plaintiff allegedly hired Lawrence B. Mitchell, a Dallas attorney, to prepare and file two writs of habeas corpus challenging plaintiff's convictions for unspecified criminal

offenses.[1] Although Mitchell was paid $10,000, neither writ was ever filed. In December 2006, plaintiff learned that Mitchell had been elected to a state judgeship and demanded the return of his files. However, Mitchell has ignored that request and refuses to communicate with plaintiff or his family. By this suit, plaintiff seeks a refund of his $10,000 retainer fee, $200,000 in punitive damages, and the return of his legal papers.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re*

---

[1] Although plaintiff does not specify the nature of his convictions, the TDCJ website indicates that he is serving sentences for aggravated sexual assault and kidnapping.

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

Plaintiff has failed to state a cognizable federal civil rights claim against his former attorney. Neither appointed nor retained counsel acts "under color of state law" in representing a defendant in the course of a criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Combs v. City of Dallas*, 289 Fed.Appx. 684, 687, 2008 WL 2831267 at *2 (5th Cir. Jul. 23, 2008). Because Mitchell is not a "state actor," he cannot be sued for civil rights violations under 42 U.S.C. § 1983.[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] To the extent plaintiff attempts to sue Mitchell for professional malpractice, such a claim arises under state law and must be brought in a Texas state court.

DATED: January 5, 2009.

　　　　　　　　　　　　　　　　　　　　　　／s／ Jeff Kaplan
　　　　　　　　　　　　　　　　　　　　　　JEFF KAPLAN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE