IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID ALAN SHEPHERD**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:08-CV-2282-L** |
| | § | |
| **LAWRENCE B. MITCHELL**, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court is Plaintiff's Pro Se Civil Rights Complaint ("Complaint"), filed December 29, 2008. Pursuant to Special Order 3-251, the Complaint was referred to United States Magistrate Judge Jeff Kaplan. On January 5, 2009, the Findings and Recommendation of the United States Magistrate Judge ("Report") was filed. Plaintiff filed objections to the Report on January 15, 2009.

Plaintiff brings this civil rights action against his former attorney, Lawrence B. Mitchell, who is now a state judge. Because neither retained nor appointed counsel acts under color of state law by representing a defendant in the course of a criminal proceeding, the magistrate judge found that Judge Mitchell is not a state actor and cannot be sued for civil rights violations under 42 U.S.C. § 1983. He recommended that the Complaint be summarily dismissed.

Plaintiff objects to the magistrate judge's finding that Judge Mitchell did not act under color of law. According to him, only after Judge Mitchell was elected did he fail to fulfill his obligations as his attorney and refuse to return his money and records. Plaintiff's objection lacks merit. Judge Mitchell's conduct was not under color of law merely because he was a judge at the time he informed Plaintiff that he was unable to perform the services that he was retained to perform and when he refused to return Plaintiff's retainer and records. "An action occurs under color of law

**Order – Page 1**

when there is misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *U.S. v. Dillon*, 532 F.3d 379, 384 (5th Cir. 2008) (internal quotation marks and citation omitted). Judge Mitchell's conduct in this case was not made possible *because* he was a judge. Moreover, "[t]here needs to have been a more meaningful nexus between the defendant's use or abuse of his position of actual or ostensible authority and the actual commission of the offense." *Id.* at 386. No such nexus exists in this case. Therefore, the court **overrules** this objection.

Having reviewed the magistrate judge's Report, the Complaint, record, and applicable law, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses with prejudice** Plaintiff's Pro Se Civil Rights Complaint.

**It is so ordered** this 22nd day of January, 2009.

Sam A. Lindsay
United States District Judge